T.C. Memo. 1996-339


UNITED STATES TAX COURT


FRANK C. VERBECK, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1760-96.            Filed July 29, 1996.


Frank C. Verbeck, Jr., pro se.

<u>Mark A. Weiner</u>, for respondent.


MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge Larry L. Nameroff pursuant to section 7443A(b)(4) of the
Code[1] and Rules 180, 181, and 183.  The Court agrees with and

---

[1]  All section references are to the Internal Revenue Code
in effect for the years at issue.  All Rule references are to the
Tax Court Rules of Practice and Procedure.

adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

NAMEROFF, Special Trial Judge: This case is before us on respondent's Motion to Dismiss For Failure to State a Claim and to Impose a Penalty Under Section 6673. Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows:

| Year | Deficiency | Additions to Tax | |
|------|-----------|------------------|----------------|
| | | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1989 | $2,504 | $626 | $168 |
| 1990 | 9,268 | 2,317 | 613 |
| 1991 | 7,136 | 1,784 | 410 |
| 1992 | 8,020 | 2,005 | 349 |
| 1993 | 6,065 | 1,516 | 256 |
| 1994 | 2,315 | 463 | 119 |

The adjustments giving rise to the above deficiencies and additions to tax are based upon the failure of petitioner to file income tax returns and report his income for the subject years. The nature of the unreported income determined by respondent in the two notices of deficiency is "nonemployment compensation" in all 6 years, plus "imputed income" for the years 1990 through 1993 based upon Bureau of Labor statistics.

The gist of petitioner's allegations in his petition is that: (1) "The Commissioner and/or his delegate has erroneously and arbitrarily concluded that Frank C. Verbeck, Jr. is a citizen

of the United States"[2] and "liable for the taxes levied by the United States Congress"; (2) the "Commissioner arbitrarily and erroneously determined that petitioner received income"; and (3) the United States Tax Court lacks the authority to render a decision in this case because it is not an Article III Court under the Constitution, and, therefore, without jurisdiction. Petitioner makes further allegations in the petition, which are common in tax protester petitions, regarding the allegedly unconstitutional nonapportioned direct tax, the applicability of the Administrative Procedure Act, and the method in which he was selected for audit, as well as the audit techniques utilized by respondent.

In her motion to dismiss, respondent contends that the petition fails to allege clear and concise assignments of error in respondent's deficiency determination in violation of Rule 34(b)(4). Further, respondent contends that the petition fails to allege clear and concise lettered statements of fact on which petitioner bases the assignments of error, in violation of Rule 34(b)(5).

The Court scheduled a hearing on the motion for May 13, 1996, in Los Angeles, California. On that date petitioner did not appear, but instead filed a Statement in Lieu of Appearance

---

[2] Petitioner alleges that he is an American citizen, but not a U.S. citizen. Petitioner's address set forth in the petition is in Sun Valley, California.

pursuant to Rule 50(c). In the Rule 50(c) statement, petitioner challenged the "PERSONAM JURISDICTION" of this Court and made further tax protester allegations, which need not be repeated herein.

Petitioner has been here before in connection with his 1986 and 1987 tax years. Verbeck v. Commissioner, T.C. Memo. 1995-14, affd. without published opinion 70 F.3d 122 (9th Cir. 1995). In that case we dismissed a similar petition for failure to state a claim and required petitioner to pay a $5,000 penalty pursuant to section 6673. In that case and in the instant case, petitioner made tax protester arguments that have been heard by this Court on many occasions and rejected. See e.g., McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983); Brayton v. Commissioner, T.C. Memo. 1989-664, affd. without published opinion 923 F.2d 861 (9th Cir. 1991). As before, the short answer to petitioner's arguments is that he is not exempt from Federal income tax. See Abrams v. Commissioner, 82 T.C. 403, 406-407 (1984).

A judgment on the pleadings is appropriate where petitioner raises no justiciable issues. See Abrams v. Commissioner, supra at 408; Brayton v. Commissioner, supra. Petitioner has failed to raise any issue with regard to the amount of his income or deductions, or the correct amount of his tax liability, including the additions to tax. Accordingly, he has not raised any

justiciable issues, and respondent's motion to dismiss will be granted.

Section 6673 authorizes this Court to impose a penalty in favor of the United States, in an amount not to exceed $25,000 whenever it appears that the taxpayer's position in a proceeding is frivolous, groundless, or instituted primarily for delay. Petitioner's actions are clearly frivolous. Indeed, his only apparent reason to file a petition with this Court to challenge our jurisdiction was to delay assessment and collection of his income tax liabilities. Accordingly, we will require petitioner to pay to the United States a penalty of $10,000 pursuant to section 6673.

An appropriate order and decision will be entered for respondent.